NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BLANCA ROQUE-LOPEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    17-72204

Agency No. A096-181-789

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
Pasadena, California

Before:  TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Petitioner Blanca Roque-Lopez ("Roque-Lopez"), a native and citizen of El

Salvador, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of

her appeal from an Immigration Judge's ("IJ") decision denying her claims for

asylum, withholding of removal, and Convention Against Torture ("CAT")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection.  We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252, and we deny the petition.

1.  Substantial evidence supports the agency's finding that Roque-Lopez's application for asylum was untimely.  It is undisputed that Roque-Lopez, who entered the United States in 2010, did not file her application until 2014.  The agency did not err in concluding that Roque-Lopez's assertion—that she delayed filing her application because she feared deportation—does not amount to changed or extraordinary circumstances to excuse her delay in filing.

Substantial evidence supports the agency's finding that Roque-Lopez's fear of deportation was not a "changed circumstance" that materially affected her eligibility for asylum.  *See Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) (explaining that "changed circumstances" refers to "circumstances materially affecting the applicant's eligibility for asylum").  Because her fear of deportation did not change her eligibility for asylum or withholding of removal, the agency did not err in refusing to rely on that fear as a basis to excuse the one-year filing rule.  Neither did her fear amount to "extraordinary circumstances" sufficient to excuse the one-year deadline.  While federal regulations list "six possible circumstances that might constitute extraordinary circumstances," none of those categories fairly encompass a fear of deportation.  *Id.* at 1054 (citing 8 C.F.R. § 1208.4(a)(5)(i)–(vi)).

2

2. The record does not compel a finding that Roque-Lopez established eligibility for withholding of removal. Even if Roque-Lopez's reliance on harms directed at her family members rose to the level of past persecution, she failed to allege that those harms had a nexus to a protected group before the agency and failed to challenge the agency's lack-of-nexus finding before this panel. Accordingly, the record does not compel a finding that she established eligibility for withholding of removal. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("To establish past persecution, an applicant must show he was individually targeted on account of a protected ground rather than simply the victim of generalized violence.").

3. The BIA's conclusion that it is not more likely than not that Roque-Lopez would be tortured if returned to El Salvador is likewise supported by substantial evidence. Roque-Lopez was never harmed while in El Salvador, lived with her mother without incident for six months, and doesn't allege that any harm would happen with the acquiescence of the El Salvadorian government. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("[G]eneralized evidence of violence and crime … is insufficient to meet this standard."). Roque-Lopez's own concessions that she had never been harmed while in El Salvador and her failure to

connect the actions of gang members to government action or acquiescence does not compel a reasonable adjudicator to find that the agency erred in its analysis.

**PETITION DENIED.**